UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO.:  SA-14-CR-926-FB |
| VASCULAR SOLUTIONS, INC., (1) and | ) |
| HOWARD ROOT, (2) | ) |
| Defendants. | ) |

UNITED STATES' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE OR DISCLOSE

By submitting an *in camera* witness list in support of its response to defendants' motion to transfer, the United States followed an established procedure adopted in at least seven district court decisions. *See United States v. Coffee*, 113 F. Supp. 2d 751, 755 (E.D. Pa. 2000); *United States v. McDonald*, 740 F. Supp. 757, 762 n.10 (D. Alaska 1990); *United States v. Benjamin*, 623 F. Supp. 1204, 1213 (D.D.C. 1985); *United States v. Daewoo Indus. Co.,* 591 F. Supp. 157, 161 (D. Or. 1984); *United States v. Sorensen*, No. 13–CR–00477–RM, 2014 WL 585330, at *1 (D. Colo. Feb. 14, 2014); *United States v. Hbaiu*, No. 1:12–CR–0301, 2013 WL 4698286, at *4 (M.D. Pa. Aug. 30, 2013); *United States v. Hamilton*, No. 98 CR. 393, 1999 WL 349697, at *1 (S.D.N.Y. May 27, 1999).   In these cases, one or both parties submitted *in camera* witness lists to satisfy the requirement that parties seeking or opposing a

transfer make a "concrete demonstration"[1] of their proposed witnesses and their testimony.  This assures that statements concerning witness convenience are supported by more than a "bare assertion"[2] while protecting against premature disclosures that would allow transfer motions to circumvent the rules of discovery. *See Degen v. United States,* 517 U.S. 820, 825 (1996) ("A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified.")

Having failed to meet their burden of providing specifics about their witnesses, defendants claim that the United States acted improperly by avoiding the same mistake and following the procedure described in the foregoing cases.  Defendants fail to cite any authority to suggest that this established procedure is improper. Instead, defendants rely upon cases from different procedural contexts[3] involving obviously troubling *ex parte* communications.  *See United States v. Barnwell,* 477 F.3d 844, 851-52 (6th Cir. 2007) (defendants were "kept in the dark" while the judge and the prosecution had a series of conversations about the jury's ongoing deliberations); *United States v. Earley,* 746 F.2d 412, 413 (8th Cir. 1984) (judge denied defendant's request at trial for disclosure of prosecution's 55-page trial brief); *In re Taylor,* 567 F.2d 1183, 1185-86, 1188 (2d Cir. 1977) (counsel for grand jury

---

[1] *United States v. Bowdoin,* 770 F. Supp. 2d 133, 139 (D.D.C. 2011) (quoting *Jones v. Gasch,* 404 F2d 1231, 1243 (D.C. Cir. 1967)).
[2] *United States v. Balt. and Ohio R.R.*, 538 F. Supp. 200, 205 (D.D.C. 1982) (quoting *United States v. Jones*, 43 F.R.D. 511, 514 (D.D.C. 1967)).
[3] Only one of the cases defendants rely upon involved a motion to transfer, and that case did not concern an *in camera* witness list. *See United States v. Alvarado*, No. 13-CR60, 2013 U.S. Dist. LEXIS 102030, at *20-21 (E.D. Wis. July 3, 2013).  There the court disregarded an affidavit setting forth the defendant's *trial strategy* and faulted the defendant for failing to identify specific inconvenienced witnesses as required under the law.  *Id.*

witness disqualified as a result of *ex parte* proceedings with no opportunity for witness or counsel to respond); *Grieco v. Meachum,* 533 F.2d 713, 719 (1st Cir. 1976) (prosecution followed a "practice" of submitting trial memoranda to the court without sharing with defense counsel); *United States v. Huff,* 512 F.2d 66, 70 (5th Cir. 1975) (*ex parte* sentencing memorandum contained a sentencing recommendation and allegations that defendant never had the opportunity to rebut); *Haller v. Robbins,* 409 F.2d 857, 859 (1st Cir. 1969) (before sentencing, prosecutor had secret *ex parte* conversation with judge describing defendant's "sordid behavior" with victim).[4] By contrast, the *in camera* submission here simply discloses the names and locations of witnesses along with short summaries of expected testimony that largely restate facts set forth in the indictment.

Defendants' reliance on Local Civil Rule 5.2 is misplaced. That rule governs the filing of documents with the Clerk of Court under seal. It has nothing to do with *in camera* submissions. The United States has not violated any local rule.

Defendants have not suffered any prejudice. The parties recently agreed upon a proposed scheduling order under which the defendants will receive detailed information about potential prosecution witnesses, including transcripts, sworn statements and interview memoranda, in less than one month.[5] The defendants

---

[4] Other cases cited by defendants show that there are situations where *ex parte* proceedings are appropriate. *United States v. Napue,* 834 F.2d 1311, 1323 (7th Cir. 1987) (defendant failed to show any prejudice even though his access to discovery was limited based on *ex parte* proceedings alleging that he was a danger to witnesses); *United States v. Fastow,* 269 F. Supp. 2d 905, 910 (S.D. Tex. 2003) (even though the government could not rebut them, the court nevertheless considered *ex parte* affidavits, submitted in support of severance motion, setting forth allegedly exculpatory testimony of a co-defendant).

[5] A detailed transcript, statement or interview memorandum exists for 26 of the 30 witnesses on the United States' list. The remaining four will be the subject of supplemental disclosures.

filed the proposed order, along with the parties' joint motion to extend the existing pretrial deadlines, on January 16, 2015.  Thus, the United States' *in camera* submission merely avoids premature disclosure.  Such premature disclosure would have exposed the identities and incriminating testimony of current officers and employees who work for defendants.  Some of these witnesses had requested that their statements be kept confidential until disclosure became required.

      Defendants are not "unfairly hamstrung in arguing the merits of their transfer motion."  Docket Entry (D.E.) 41 at 4.  The United States' witness list had a narrow purpose.  It was one of two sources of support (the other was the Paulissen declaration) for a single statement:  "The United States intends to call at least ten witnesses who reside in Texas, no more than five who live in Minnesota, and approximately fifteen who reside in neither state."  D.E. 32 at 10.  Defendants might not yet know precisely who these witnesses are and what they will say, but they had the opportunity to rebut this statement by providing specific information about their own witnesses.  In fact, for their motion to succeed, defendants had the burden of making a "concrete demonstration" of their witnesses' testimony and identifying witnesses who cannot attend the trial because of inconvenience.  D.E. 32 at 9-10.  They failed to do this, and they chose not to remedy their default even after the United States pointed it out.  This failure of proof resulted from defendants' own decisions and not the submission of an *in camera* witness list.

**CONCLUSION**

The Court should deny defendants' motion to strike.

                              Respectfully submitted,

                              RICHARD L. DURBIN, JR.
                              Acting United States Attorney

By:        /s/
                              BUD PAULISSEN
                              Assistant United States Attorney
                              Texas SBN: 15643450
                              601 NW Loop 410, Suite 600
                              San Antonio, Texas 78216
                              (210) 384-7126 / Fax: (210) 384-7028
                              bud.paulissen@usdoj.gov


        /s/
TIMOTHY T. FINLEY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
DC Bar No.: 471841
450 Fifth Street, N.W.
Sixth Floor, South
Room 6400
Washington, D.C. 20001
202-307-0050
Timothy.T.Finley@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on this 16th day of January, 2015, I filed the foregoing pleading using the CM/ECF system which will automatically serve a copy of the pleading upon counsel for defendants.   Those counsel are:

| | |
|---|---|
| John C. Richter<br>Michael Pauze<br>King & Spaulding<br>1700 Pennsylvania Ave., NW<br>Washington, D.C. 200064707<br>Counsel for Defendant Vascular<br>Solutions, Inc. | John W. Lundquist<br>Fredrikson & Byron, P.A.<br>200 South Sixth Street, Suite 4000<br>Minneapolis, Minnesota 55402-1425<br>Counsel for Defendant Howard Root |

Johnny K. Sutton
Christopher L. Peele
Ashcroft Sutton Ratcliffe, LLC
919 Congress Ave., Suite 1500
Austin, Texas 78701
Counsel for Defendant Vascular
Solutions, Inc.

/s/
BUD PAULISSEN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VASCULAR SOLUTIONS, INC., (1) and, )<br>)<br>HOWARD ROOT, (2) )<br>)<br>Defendants. ) | CRIMINAL NO.:   SA-14-CR-926-FB |

IT IS THEREFORE ORDERED that Defendants' Motion to Strike or Disclose is denied.

SO ORDERED on this the _____ day of _____, 2015.

_____
CHIEF DISTRICT JUDGE FRED BIERY