UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    CASE NO. 5:14-cr-00926

VASCULAR SOLUTIONS, INC., and
HOWARD C. ROOT,

    Defendants.

---

DEFENDANTS' REPLY IN SUPPORT OF THE
JOINT MOTION TO STRIKE OR DISCLOSE

---

Dated:  January 19, 2015                By:    s/ John C. Richter
                                                        John C. Richter
                                                        (*Admitted Pro Hac Vice*)
                                                        Michael R. Pauzé
                                                         (*Admitted Pro Hac Vice*)
                                                         King & Spalding LLP
                                                         1700 Pennsylvania Avenue NW
                                                         Suite 200
                                                         Washington, DC  20006
                                                          (202) 737-0500
                                                         *Attorneys for Defendant Vascular*
                                                         *Solutions, Inc.*

                                                         s/ Johnny Sutton
                                                         Johnny Sutton
                                                         Ashcroft Sutton Ratcliffe
                                                         919 Congress Avenue, Suite 1500
                                                         Austin, TX 78701
                                                         (512) 370-1800
                                                         *Attorneys for Defendant Vascular*
                                                         *Solutions, Inc.*

By: s/ John W. Lundquist
John W. Lundquist (MN #65286)
(*Admitted Pro Hac Vice*)
Dulce J. Foster (MN#285419)
Kevin C. Riach (MN #389277)
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN  55402
(612) 492-7000
*Attorneys for Defendant Howard Root*

**REPLY BRIEF**

The government's opposition fails to justify its unilateral submission of a list of its witnesses, and what the government anticipates those witnesses to say, for this Court's *ex parte*, *in camera* review. Although the government contends that it "followed an established procedure adopted in at least seven district court decisions," Opp. 1, none of those cases addressed whether it is proper for the government to provide such an *ex parte* preview of its case-in-chief to the court. In most of the government's cases, both parties submitted lists of witnesses *in camera*, presumably by mutual agreement. *See United States v. Coffee*, 113 F. Supp. 2d 751, 755 (E.D. Pa. 2000); *United States v. McDonald*, 740 F. Supp. 757, 762 n.10 (D. Alaska 1990); *United States v. Hbaiu*, 2013 WL 4698286, at *4 (M.D. Pa. Aug. 30, 2013); *United States v. Hamilton*, 1999 WL 349697, at *1 (S.D.N.Y. May 27, 1999). In some, one or both parties submitted an *in camera* list in response to the court's order. *See Coffee*, 113 F. Supp. 2d at 755; *United States v. Sorensen*, 2014 WL 585330, at *1 (D. Colo. Feb. 14, 2014); *Hbaiu*, 2013 WL 4698286, at *4. In the remaining cases, one side or the other apparently submitted an *in camera* list, and the courts did not note any objection. *See United States v. Benjamin*, 623 F. Supp. 1204, 1213 (D.D.C. 1985) (government's submission); *United States v. Daewoo Indus. Co.*, 591 F. Supp. 157, 161 (D. Or. 1984) (defendant's submission). None of the government's cases addresses the propriety of allowing the government to submit an *in camera* list of witnesses and anticipated testimony over the defendant's objection; indeed, the courts did not indicate in any of these cases that the defendant had objected.

The cases that do address *ex parte* communications between prosecutors and judges, on the other hand, emphasize that they are generally improper. *See* Mot. to Strike or Disclose at 3-4 (citing cases). These courts recognize that such communications "deprive the defendant of

notice of the precise content of communications and an opportunity to respond," *United States v. Napue*, 834 F.2d 1311, 1316 (7th Cir. 1987), and "can only be justified and allowed by compelling state interest." *United States v. Burnwell*, 477 F.3d 844, 850 (6th Cir. 2007) (citation omitted). The government asserts without elaboration that these cases involved "obviously troubling *ex parte* communications." Opp. at 2. But the defendants should not have to take the government's word for it that the *in camera* submission here, which included the government's "list of its witnesses, their approximate geographic locations, and their anticipated testimony," Paulissen Decl. ¶ 4, is innocuous. Indeed, immediately after suggesting that the defendants should not be concerned about the *ex parte* submission here, the government declares that it reveals "incriminating testimony of current officers and employees who work for defendants." Opp. at 4.

The government also continues to insist that the defendants have "failed to meet their burden of providing specifics about their witnesses." Opp. 2. But the defendants should not be faulted for declining to replicate the government's error of unilaterally making a substantive *ex parte* submission. In all events, the government's argument is a red herring, as this Court's decision on the defendants' transfer motion need not "be driven by affidavits or specific showings as to each witness regarding either their specific inability to be present for trial or the testimony they would give." *Coffee*, 113 F. Supp. 2d at 755 n.5; *see* Defs. Transfer Reply (Doc. No. 40) at 4.

## CONCLUSION

The Court should strike or disclose the government's *ex parte* submission.

| | |
|---|---|
| Dated: January 19, 2015 | By:  s/ John C. Richter  <br>John C. Richter  <br>(*Admitted Pro Hac Vice*)  <br>Michael R. Pauzé |

        (*Admitted Pro Hac Vice*)
        King & Spalding LLP
        1700 Pennsylvania Avenue NW
        Suite 200
        Washington, DC  20006
         (202) 737-0500
        *Attorneys for Defendant Vascular Solutions, Inc.*

        s/ Johnny Sutton
        Johnny Sutton
        Ashcroft Sutton Ratcliffe
        919 Congress Avenue, Suite 1500
        Austin, TX 78701
        (512) 370-1800
        *Attorneys for Defendant Vascular Solutions, Inc.*

By:   s/ John W. Lundquist
        John W. Lundquist (MN #65286)
        (*Admitted Pro Hac Vice*)
        Dulce J. Foster (MN#285419)
        Kevin C. Riach (MN #389277)
        Fredrikson & Byron, P.A.
        200 South Sixth Street
        Suite 4000
        Minneapolis, MN  55402
        (612) 492-7000
        *Attorneys for Defendant Howard Root*

I hereby certify that on January 19, 2015, I electronically filed the foregoing document via the CM/ECF system, which will effectuate service on all counsel of record who are properly registered for CM/ECF service.

s/ John C. Richter