UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

Filed 2-10-15
Clerk, U. S. District Court
Western District of Texas
By _____ Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. 5:14-CR-00926 |
| Plaintiff | § | |
| V. | § | |
| VASCULAR SOLUTIONS, INC., & HOWARD C. ROOT | § | |
| Defendants. | § | |

## [PROPOSED] SCHEDULING ORDER

For the reasons stated in the parties' Joint Motion To Extend Speedy Trial Act Time And For Entry of Agreed Upon Scheduling Order and due to the magnitude of discovery and the complexity of the legal and factual issues involved in this case, the Court finds that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits prescribed by the Speedy Trial Act. The Court also finds that the ends of justice served by extending the deadlines and trial date outweigh the interest of the public and the defendants in a speedy trial. In accordance with that finding, the Court enters this order governing discovery and pretrial matters.

1. **Government's notice of certain evidence.**

Not later than January 30, 2015, the Government must provide the Defendants notice of evidence it intends to use at trial that may be subject to a motion to suppress evidence. *See* FED. R. CRIM P. 12(b)(4).

2.  **Government's disclosure of Rule 16 discovery.**

Not later than February 13, 2015, the Government must provide to the Defendants, or permit the Defendants to inspect and copy or photograph, all discoverable items set forth in Federal Rule of Criminal Procedure 16(a), including, without limitation, the following:

- a. Any relevant written or recorded statements made by the Defendants as described in Rule 16(a)(1)(B);
- b. The substance of any relevant oral statement made by the Defendants before or after the Defendants' indictment, in response to interrogation by a person the Defendants knew to be a Government agent, that the Government intends to use at trial;
- c. The Defendants' arrest and conviction record;
- d. Books, papers, documents, data, photographs, tangible objects, buildings or places that are material to preparation of the defense, that the Government intends to use as evidence at trial to prove its case-in-chief, or that were taken from or belong to the Defendants;
- e. Results or reports of any physical or mental examination, and of any scientific test or experiment, that is material to preparation of the defense or intended for use by the Government as evidence in its case-in-chief at trial; and
- f. A written summary of any testimony that the Government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial, describing the witness's opinions, the bases and reasons for them, and the witness's qualifications.

3. **Government's disclosure of exculpatory or impeaching information.**

Not later than February 13, 2015, the Government must disclose to the Defendants any and all information that would tend to exculpate the Defendants or be material to the defense, that would constitute impeachment of a Government witness, or that could mitigate any punishment that might be imposed in this case. *See Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. In determining what information to disclose under this part, the Government will be guided by the U.S. Attorney's Manual §§ 9-5.001 and 9-5.100, *available at*

http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/download.htm.

Information required to be disclosed by this part includes, without limitation, the following:

   a. Any evidence tending to show threats, promises, payments, or inducements made by the Government, or any Government agent, that would bear upon the credibility of any Government witness;

   b. Any statement of any Government witness that may be inconsistent with the witness's expected testimony at a hearing or trial;

   c. Any information that is inconsistent with any element of any offense charged against the Defendants or that tends to establish a recognized affirmative defense;

   d. Any prior conviction of any Government witness, if (1) the crime was punishable by death or imprisonment in excess of one year, or (2) the crime involved dishonesty or false statement, regardless of punishment;

   e. Any pending criminal charges against, or pending investigation of, any government witness; and

  f.  Any specific instances of conduct by any Government witness tending to show the witness's character for untruthfulness.

4.  **Defendants' disclosure of reciprocal discovery.**

Subject to the Government's compliance with parts 1, 2, and 3, the Defendants must, not later than February 27, 2015, provide reciprocal discovery to the Government under Federal Rule of Criminal Procedure 16(b). Information required to be disclosed by this part includes, without limitation, the following:

  a.  Books, papers, documents, data, photographs, tangible objects, buildings, or places which the Defendants intend to use in the Defendants' case-in-chief at trial;

  b.  The results or reports of any physical or mental examinations and of scientific tests or experiments made in connection with this case that the Defendants intend to introduce as evidence in the Defendants' case-in-chief at trial, or that were prepared by a defense witness who will testify concerning them; and

  c.  A written summary of any expert testimony that the Defendants intend to use as evidence at trial under Federal Rules of Evidence 702, 703, or 705, describing the witness's opinions, the bases and reasons for the opinion, and the witness's qualifications.

5.  **Relief from discovery requirement;** *in camera* **examination.**

If any party elects not to disclose, or to defer disclosure of, any evidence, information, or statements that arguably fall within the scope of this Order, the party must, within the stated discovery deadline, submit such evidence, information, or statements to the Court for *in camera* inspection and a determination whether it must be disclosed. *See* FED. R. CRIM. P. 16(d)(1).

6.  **Resolution of discovery issues.**

If either the Government or the Defendants are unable to comply fully with the discovery requirements set out in parts 1, 2, 3, or 4 of this Order, the Government and the Defendants must confer and, not later than March 9, 2015, notify the Court of whether a discovery dispute exists. For any dispute that cannot be resolved, either party may file a written and detailed motion to compel discovery.

7.  **Pretrial motions.**

The deadline for filing all pretrial motions shall be the later of April 10, 2015, or four weeks after either (a) the motions are denied, or (b) the requested documents are produced. The Defendants must raise, by pretrial motion, any defense, objection, or request that the Court can determine without a trial of the general issue. Defendants waive any defense, objection, or request that they fail to raise within this time limit, or within any extension of said time limit the Court may set, unless the basis for such motion was not reasonably available within that time limit. *See* FED. R. CRIM. P. 12. The Court also may grant relief from the waiver upon a showing of good cause. For example, and without limitation to the definition of good cause, the Government's failure to comply with parts 1, 2, or 3 of this Order constitutes good cause for an extension of time to raise a defense, objection, or request that is substantially based on that information.

Matters that are covered by this part include, without limitation, the following:

a.  Defenses and objections based on defects in the institution of the prosecution;

b.  Defenses and objections based on defects in the indictment or information, although at any time while the case is pending, the Court may hear a claim that

> the indictment or information fails to invoke the Court's jurisdiction or to state an offense;
>
> c. Motions to suppress evidence;
>
> d. Requests for severance of charges or defendants under Federal Rule of Criminal Procedure 14;
>
> e. Notices of an intention to assert a defense under Federal Rules of Criminal Procedure 12.2 or 12.3;
>
> f. Motions for the identification of a confidential informant;
>
> g. Motions concerning intercepted communications; and
>
> h. Pretrial motions to dismiss the prosecution.

8. **Disclosure of Government witness's statements.**

Pursuant to Title 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, the Government must disclose prior statements of any Government witness not later than the conclusion of the witness's direct testimony. To avoid delays during trial, however, the Court **strongly encourages** the Government to produce such prior statements at least one week before the witness will be called to testify on direct examination.

9. **Government's notice under rules of evidence.**

The court **strongly encourages** the Government to provide the notice required by Federal Rules of Evidence 404(b), 412, 413, and 414 as early as possible, but in any event the notice must be provided not later than 15 days before the last scheduled trial date.

10. **Continuing duty to disclose.**

In accordance with Federal Rule of Criminal Procedure 16, all parties have a continuing obligation to disclose. If, before or during trial, a party discovers additional evidence, material,

or information covered by this Order that was not previously disclosed, that party must promptly disclose it to opposing counsel, and state the reasons for having failed to make timely disclosure.

11.     **Failure to Comply.**

The Court **strongly encourages** early and full compliance with the provisions of this Order. Failure to comply without good cause may result in exclusion of evidence at trial, or imposition of other appropriate sanctions under Federal Rule of Criminal Procedure 16(d)(2) and the Court's contempt power.

Signed this 10 day of February, 2015

HON. FRED BIERY
CHIEF U.S. DISTRICT JUDGE